MINORS OF POULTNEY *vs.* BARRETT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The articles 1034 to 1040 seem to require the appointment of an administrator in every case where a succession is accepted with benefit of inventory.

Where heirs are of full age, under every circumstance, without regard to the manner in which the inheritance is thrown on them, an administrator should be appointed.

But a tutor duly appointed, or one on whom the office devolves by operation of law, represents the minors under his charge in all civil suits or acts, and has the administration of their estates.

The tutor can, under the authority of the general administration to collect and sue for debts, institute suit in behalf of the minors, for the recovery of a debt due the succession.

EASTERN DIS.
*May*, 1834.

POULTNEY'S
MINORS
*vs.*
BARRETT
ET AL.

Where a succession is accepted with the benefit of inventory, and some of the heirs are of full age and others are minors, it should be left to the administration of the tutor of the minors until partition.

This is an action of revendication for a lot of ground in the city of New-Orleans. The plaintiffs, Matilda and Emily Poultney, minors over twelve years of age, assisted by their mother as natural tutrix, and J. R. Grymes as under tutor, on the 11th of February, 1833, instituted this suit against the defendant Barrett, who is in possession, to recover a lot of ground situated on Canal street. They allege that they are the legitimate children of John Poultney, deceased, and Emily Tauton his wife. That John Poultney died on the 23d of October, 1819, and was at the time of his death, the proprietor and possessor of the lot of ground in contest. Poultney acquired this lot by purchase from B. P. Porter and Felicité Depeyster, widow of W. A. Depeyster, deceased, and tutor of W. A. Depeyster, a minor, by a notarial act dated May 5th, 1818. This sale purports to have been made in virtue of an order or decree of the District Court, authorising the sale of the joint property of the late firm of Porter & Depeyster. Porter & Depeyster acquired this property by purchase from the corporation of New-Orleans, by public act dated 19th May, 1812, subject to a rent charge or interest at six per cent., payable quarterly, and irredeemable for thirty years, with right of entry, and forfeiture in case of non-payment.

The plaintiffs allege that Barrett is a possessor in bad faith, and is responsible also for fruits, rents and profits. They pray for a surrender of the property, and for rents and profits.

*Barrett* denied the plaintiff's claim and right to the lot, and asserted himself to be the true owner. He sets out a chain of title derived from the corporation of New-Orleans, avers that he purchased from William Deacon, whom he calls in warranty, and pleads the prescription of ten years.

*Deacon* answered: First, Denied that the plaintiffs ever legally accepted the succession of their ancestor, John

Poultney, or were legally put in possession of it, and there-
fore cannot maintain this action.

Second, That John Poultney never acquired the lot in question, and that his heirs have no title to it.

Third, That said lot was conditionally sold by the corporation of New-Orleans to Porter & Depeyster, by notarial act of the 19th May, 1812. That said condition was never complied with, the rent charge was not paid, and the lot was forfeited to the corporation; and that on the 21st of December, 1822, George Loyd, who had been put in possession by the corporation, was ordered to sell the lot by the District Court to pay the amount of the rent due, which was accordingly sold to this respondent for a full and valuable consideration, by notarial act of the 18th of January, 1823.

Fourth, That by the condition of the sale of May 19th, 1812, the vendees of the corporation agreed if they petitioned for a respite or cession of property, they should forfeit all title to said lot and hold the same merely as tenants, at will of the corporation; and if the title to the lot was ever assigned or sold to Poultney as the plaintiffs allege, he petitioned for a respite and failed, and his property, including this lot, was placed in the hands of syndics and sold to respondent by order of the District Court, as appears by the deed of sale, dated the 18th of January, 1823, whereby Poultney and his heirs forfeited all title to the lot in question.

Fifth, The respondent calls the corporation of New-Orleans in warranty, and if evicted, makes claim for amelioration.

*Barrett*, in an amended answer, calls John Hagan, from whom he purchased half of the lot, in warranty. Hagan calls in Deacon, and joins Barrett in the defence.

The corporation deny all the allegations in plaintiff's petition and in the answer of defendants, and pray to be dismissed.

By agreement of counsel, this case was to be tried on the *question* of *title only*, between the plaintiffs and defendant Barrett; the question of the liability of the parties called in warranty, to be afterwards determined.

EASTERN DIS.
*May* 1834.

POULTNEY'S
MINORS
*vs.*
BARRETT
ET AL.

The case proceeded before the court in conformity to this agreement.

The plaintiffs offered in evidence the notarial act, dated the 5th of May, 1818, of the sale of the lot in question, by B. P. Porter, and Felicité Depeyster, widow and inheritrix of W. A. Depeyster, deceased, and as tutrix of W. A. Depeyster, a minor son, and B. Levy, under tutor to said minor, to John Poultney. These persons declare that said sale was made in virtue of a decree of the District Court, authorising the sale of the joint property of the late firm of Porter & Depeyster. It was sold subject to the conditions of the grant to Porter & Depeyster, of the 19th of May, 1812, and subject also to a certain lease for four years, &c. The act is signed by the vendor, witnesses and notary, but not by Poultney.

The city treasurer testified that the taxes were assessed on this lot in the name of Poultney, in 1818, and paid by him. In 1819, it was assessed in the name of the *succession* of of Poultney. Its identity with the one in this suit was admitted.

Mrs. Poultney's renunciation of the community between her and her late husband, made in 1820, was next offered. The record of all the proceedings in the Probate Court relative to the succession of Poultney, which commenced with affixing the seals on the 25th of December, 1819, to the final acceptance of the succession, with the benefit of inventory, by Mrs Poultney, for the minor heirs of said John Poultney, deceased, and homologation of the inventory by the Probate judge, on the 3d of April, 1823, were then offered in evidence. Here the counsel for the plaintiffs rested the case.

The counsel for the defendants then moved the court that the plaintiffs be *non-suited*, as not having made out a *prima facia* title to the premises in question.

Second, That the defendants have the right reserved, in case the court refuses to entertain the motion to offer evidence of their title.

Third, That if insufficient title be exhibited by the plain-

tiffs to enable them to recover, the defendants are not bound to go into their evidence; and that they have a right to the opinion of the court on these points without prejudice to their rights on the merits, if the decision be against them.

The counsel for the plaintiffs denied the existence of such practice, and that the defendant must put his case before the court, so that judgment might be rendered for one or the other of the parties.

Second, The mode of proceeding in suits in courts is prescribed in the *Code of Practice*, that after the plaintiff has gone through his evidence, the defendant must offer his, or abandon his right to offer any, if he thinks that the plaintiff has failed to make out his case. *Code of Practice, art.* 476, 467.

The district judge entertained the motion for a *non-suit*, and gave his reasons therefor. After hearing the arguments of counsel, the court gave a judgment of *non-suit* against the plaintiffs.

The court, after investigating the plaintiffs' title offered in evidence, allowed the non-suit on the following grounds, not raised by the parties in the pleadings:

First, As a legal acceptance of the succession of Poultney by his heirs, was specially denied, it was incumbent on the plaintiffs, as beneficiary heirs, to show such legal acceptance.

Second, That the only evidence of such acceptance in this case, is in the petition of the mother of the heirs, praying for the homologation of the inventory, signed by an attorney at law.

Third, An acceptance of a succession by beneficiary heirs, is an act not within the scope of the duties of an attorney at law. It is a personal act, which must be done by the party himself.

1. Where a succession is accepted with benefit of inventory, there must be an administrator appointed. *La. Code,* 1034.

2. Tutors or curators of minors may claim the preference as administrators, but they are bound to give security. *La. Code,* 1037.

3. This suit was instituted on the 11th of February, 1833,

EASTERN DIS.
May, 1834.

POULTNEY'S
MINORS
vs.
BARRETT
ET ALS.

and the order, accepting with benefit of inventory, as given on the petition signed by counsel for the homologation of the inventory, is dated April 3d, 1833, so that the minors could not have been administrators.

A rule for a new trial was taken and discharged, and the plaintiffs appealed.

*Slidell*, for plaintiffs.

1. The motion for a non-suit cannot be sustained; a defendant cannot apply for a non-suit; if he thinks the plaintiffs' testimony insufficient he may submit his case for a decision; but if not, he must produce his evidence. *Code of Practice, art.* 476, 477, 536. *Kernion* vs. *Guenon*, 7 *Martin*, 171, *N. S. Bore* vs. *Bush, et. al·* 6 *Martin, N. S.* 1.

2. The judge of the District Court, bases his decision entirely upon precedents of courts of common law, they can have no authority, the use of words peculiar to common law, cannot be considered as an adoption of English practice. *Agnes* vs. *Judice,* 3 *Martin* 185. *Hunt* vs. *Norris et. al.* 4 *Martin* 528.

3. The absence of an administrator, was a matter of exception and should have been pleaded in *limini litis. Code of Practice, art.* 327, 333. An exception if not disposed of before trial on merits, is supposed to be waived. *Rowlett* vs. *Shepherd,* 4 *La. Rep.* 91. *Kemps Heirs* vs. *Hunt, et. als.* 4 *La. Rep.* 482.

4. Neither acceptance of succession, nor appointment of administrator are required. *O'Donald* vs. *Lobdell,* 2 *La. Rep.* 301. *Erwin's Heirs* vs. *Orillion,* 6 *La. Rep.* 205, *lately decided. Dufour* vs. *Camfranc,* 11 *Martin,* 713.

5. The evidence introduced was sufficient to put the defendants on their proof. *Joseph* vs. *Moreno,* 2 *La. Rep.* 461. *Crocker* vs. *Nuley, et. al.* 3 *N. S.* 583. *Pignatel* vs. *Drouet,* 6 *N. S.* 432.

6. Defendant calling vendor in warranty, is bound by his pleadings. *Delacroix* vs. *Cenas' Heirs,* 8 *N. S.* 356. He is

Eastern Dis.
May, 1834.

POULTNEY'S
MINORS
*vs.*
BARRETT
ET ALS.

not bound to call upon him, but if he does, must take him " *cum onere*" unless fraud or collusion be alleged.

7. The answer of Deacon admits title in Poultney, and he cannot avail himself of his general denial. *Vavasseur* vs. *Bayon*, 11 *Martin*, 640. *Murray* vs. *Bossier*, 10 *Martin*, 293. *Bryans* vs. *Dumseth*, 1 *N. S.* 412. *Dean* vs. *Jackson*. 1 *N. S.* 127.

8. Party cannot set up nullity of title under which he claims. *Trahan* vs. *M'Manus*, 2 *La. Rep.* 209. *Verrets Heirs* vs. *Candelle*, 4 *N. S.* 402.

*Pierce, Preston* and *Eustis*, for the defendants, Barrett, Deacon and the Corporation, relied on the following grounds.

1. That this is a petitory action and the plaintiffs have not made out a complete legal title, and such a one as is required to put the defendants on their defence. *Code of Practice, art.* 44.

2. The title is defective as it rests on an act of sale of minor's property before a notary and is void upon its face. 8 *Martin*, 631. 4 *La. Rep.* 269 ,270.

3. The act or deed does not even convey Porter's interest, for the sale is alleged to be made in pursuance of a decree of partition, and if so is illegally made and is void as to all parties. *Civil Code, art.* 258, *p.* 206.

4. The decree referred to in the act should have been produced and proof of sale by auction.

5. The extent of Porter's interest does not appear, and a party who sues for the whole, cannot recover a part.

6. The plaintiff must show his vendor's title and possession, to wit, that of Porter and Depeyster, and that it is one translative of property.

7. No possession is shown in Poultney. He never signed the act of sale to him; and if notes were given and paid, they ought to be produced.

8. This lot being placed on the assessment roll of the City or Parish of New Orleans in Poultney's name is no evidence of his possession or even of payment of taxes.

MARTIN, J. delivered the opinion of the court.

But a tutor duly appointed, or one in whom the office devolves by operation of law, represents the minors under his charge in all civil suits or acts and has the administration of their estates.

The minors are appellants from a judgement of *non-suit*, given against them on the ground that no administrator had been appointed to the estate of their deceased father.

This decision is directly in contradiction with that which we lately pronounced in the case of *Erwin et als* vs. *Orillon*, *ante, p.* 205, which we have reconsidered, and it has not appeared to us proper to change the opinion then formed.

It is, therefore, ordered, adjudged and decreed, that the judgement of the District Court be annulled, avoided and reversed, the non-suit set aside, and the case remanded for trial, the appellees paying costs in this Court.